KEKER & VAN NEST LLP
R. JAMES SLAUGHTER - #192813
R. ADAM LAURIDSEN - #243780
633 Battery Street
San Francisco, CA  94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
Email:  rslaughter@kvn.com
        alauridsen@kvn.com

Attorneys for Plaintiff
ELECTRONIC ARTS INC.

E-filing

cV12  0118
HRL

FILED
JAN - 6 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC ARTS INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| TEXTRON INC., BELL HELICOPTER TEXTRON INC. and TEXTRON INNOVATIONS INC., | **[DEMAND FOR JURY TRIAL]** |
| Defendants. | |

Plaintiff Electronic Arts Inc. ("EA"), through its attorneys, brings this action and alleges against Defendants Textron Inc., Textron Innovations Inc. and Bell Helicopter Textron Inc. (collectively "Textron") as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1. EA brings this action for declaratory judgment and attorneys' fees to protect its right to develop, publish and sell computer and video games. EA's computer and video games are expressive works, entitled to full protection under the First Amendment. By this action, EA seeks a judicial determination that the identification and depiction of Bell-manufactured helicopters in the first-person military combat simulation *Battlefield 3* are protected by the First Amendment and the doctrine of nominative fair use. For these and other reasons, EA's expressive work does not infringe any trademark or trade dress held by Textron.

2. EA is one of the world's leading developers and publishers of computer and video games. Many of EA's games allow players to assume roles in realistic environments, such as the first-person military combat experience depicted in *Battlefield 3*. True to this realism, *Battlefield 3* contains images of a diverse array of weapons and vehicles used by soldiers in the modern United States military. These weapons and vehicles, including the Bell-manufactured AH-1Z, UH-1Y and V-22 helicopters, are identified using their military designations.

3. Textron claims to hold the exclusive trademarks and trade dress associated with the AH-1Z, UH-1Y and V-22 helicopters. Textron has asserted that EA's identification and depiction of its three vehicles in connection with *Battlefield 3* infringe Textron's purported trademark and trade dress rights.

4. EA's identification and depiction of the AH-1Z, UH-1Y and V-22 helicopters in *Battlefield 3* do not infringe any trademark or trade dress held by Defendants. The Bell-manufactured helicopters have artistic relevance to EA's expressive work and *Battlefield 3*'s use of them does not mislead customers as to the source or content of the work. EA's identification and depiction of the vehicles in the game are therefore protected by the First Amendment, just as they would be in any book or movie. Additionally, under the doctrine of nominative fair use, EA's work does not infringe Defendants' trademarks or trade dress because EA uses Defendants'

purported trademarks and trade dress only to identify the helicopters at issue.

5. The parties have been unable to resolve their present dispute.

6. Accordingly, EA seeks a declaration that the identification and depiction of the AH-1Z, UH-1Y and V-22 helicopters in *Battlefield 3* do not infringe any trademark or trade dress held by Defendants.

## JURISDICTION AND VENUE

7. EA brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. It presents a federal question arising under the Lanham Act, 15 U.S.C. § 1051 et seq. The Court has jurisdiction over this federal cause of action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (trademarks).

8. EA is informed and believes, and on that basis alleges, that Textron Inc., Textron Innovations Inc., and Bell Helicopter Textron Inc. have engaged in continuous and systematic business in California and within this jurisdiction. Textron Inc., Textron Innovations Inc., and Bell Helicopter Textron Inc. therefore have sufficient contacts with this district generally and, in particular, with the events herein alleged, that they are subject to the exercise of jurisdiction of this court over their persons.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) because substantial activity giving rise to the claims herein occurred in this judicial district.

10. Pursuant to Local Rule 3-2(c), this intellectual property case shall be assigned on a District-wide basis.

## THE PARTIES

11. Plaintiff EA is a corporation organized under the laws of Delaware, with its principal place of business in Redwood City, California. EA develops and publishes computer and video games.

12. Upon information and belief, Defendant Textron Inc. is a Delaware corporation with its principal place of business in Providence, Rhode Island. Textron Inc. claims to own purported trademarks and trade dress for the AH-1Z, UH-1Y and V-22 helicopters.

13. Upon information and belief, Defendant Textron Innovations Inc. is a Delaware

corporation with its principal place of business in Providence, Rhode Island. Textron Innovations Inc. claims to own purported trademarks and trade dress for the AH-1Z, UH-1Y and V-22 helicopters.

14. Upon information and belief, Defendant Bell Helicopter Textron Inc. is a Delaware corporation with its principal place of business in Providence, Rhode Island. Bell Helicopter Textron Inc. claims to own purported trademarks and trade dress for the AH-1Z, UH-1Y and V-22 helicopters.

## FACTUAL ALLEGATIONS

### EA's Expressive Work

15. EA is a leading developer and publisher of video and computing games. Among EA's works is *Battlefield 3*. A copy of the work for play on the PC is attached hereto as Exhibit A. EA released *Battlefield 3* on October 25, 2011.

16. *Battlefield 3*'s first-person, interactive combat simulation is built upon an original "ripped-from-the-headlines" story. Set in the year 2014, the game allows players to assume command of United States soldiers dispatched to stop a terrorist plot involving nuclear weapons near the Iran-Iraq border. The game realistically and authentically depicts modern-day armed conflict on land, in air and at sea. One of the ways *Battlefield 3* accurately depicts military combat is by giving game players control of the weapons, accessories and vehicles—from tanks and jeeps to jets and naval assault vehicles—used by the United States military. Among the more than twenty-five different modern-day vehicles built by a variety of manufacturers depicted in *Battlefield 3* are the Bell-manufactured AH-1Z, UH-1Y and V-22 helicopters.

17. *Battlefield 3* contains both single player missions and competitive or cooperative multiplayer actions supporting up to twenty-four players online. The missions and actions that comprise *Battlefield 3*'s "plot" are set in diverse locations around the globe including Paris, Tehran and New York. The outcome of a mission or action depends on the game player's choices and skill. As a result, no two game experiences are alike.

18. As a review of EA's expressive work demonstrates, EA's depiction of the Bell-manufactured helicopters is directly relevant to the game's storyline and is indistinguishable

from the reference and use of such vehicles in countless realistic war-themed books and movies.

19. Additionally, EA's depiction of the Bell-manufactured helicopters in its expressive work in no way misleads consumers as to the source or content of the work. Nothing in or related to the game contains any indication that Bell and/or Textron endorses the game or has had a role in producing it. Indeed, the packaging of *Battlefield 3* contains an explicit disclaimer that the depiction of any weapon or vehicle in the game does *not* indicate affiliation, sponsorship or endorsement by any weapon or vehicle manufacturer. *See* Exhibit A. Moreover, the Bell-manufactured helicopters are not highlighted or given greater prominence than any of the other vehicles within the game.

### The Controversy Between the Parties

20. Textron claims that it owns the purported trademark and trade dress for the AH-1Z, UH-1Y and V-22 helicopters. Textron further claims that EA is infringing its trademarks and trade dress by virtually depicting and identifying the Bell-manufactured helicopters in *Battlefield 3*.

21. On December 21, 2011, Textron, through its litigation counsel, demanded that EA immediately cease its depiction of the AH-1Z, UH-1Y and V-22 helicopters in *Battlefield 3* or face legal action by Textron.

22. The parties have been unable to resolve their dispute regarding whether *Battlefield 3* infringes Textron's trademarks and trade dress. EA therefore has a reasonable and strong apprehension that it will soon face a trademark and/or trade dress action from Textron.

### FIRST CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of Trademarks

### 15 U.S.C. § 1051 et seq.

23. EA incorporates by reference the allegations in paragraphs 1 through 22 as if fully set forth herein.

24. A real and actual controversy exists between the parties regarding whether EA's identification and depiction of certain vehicles in its expressive work *Battlefield 3* infringe any of Defendants' purported trademarks. The controversy is of sufficient immediacy and reality to

4
COMPLAINT FOR DECLARATORY RELIEF
CASE NO.

612341.01

warrant declaratory relief under 28 U.S.C. § 2201. Following Textron's recent conduct, EA is faced with the choice of either abandoning its rights to develop, publish and sell its expressive work or risking liability for damages.

25. The controversy between EA and Textron thus demands specific relief through a decree that EA may identify and depict the AH-1Z, UH-1Y and V-22 helicopters in *Battlefield 3* without legal liability. The nature and extent of the adverse legal interests between EA and Textron are apparent, and the controversy is definite and concrete.

26. The Bell-manufactured helicopters depicted in *Battlefield 3* are just a few of countless creative visual, audio, plot and programming elements that make up EA's expressive work, a first-person military combat simulation. *Battlefield 3* and ancillary materials do not explicitly mislead consumers as to the source or origin of EA's works. The work also is not likely to cause any confusion, mistake, or deception among consumers, including as to the source or origin of the work or as to any affiliation, connection, association, sponsorship, or approval with or by Textron.

27. EA's identification and depiction of the AH-1Z, UH-1Y and V-22 helicopters in *Battlefield 3* are protected by the First Amendment and the doctrine of nominative fair use, among other defenses.

28. EA seeks a declaration that *Battlefield 3* does not infringe any of Textron's purported trademarks so that there will be no controversy clouding EA's right to continue developing, publishing and selling the work.

## SECOND CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of Trade Dress

### 15 U.S.C. § 1125(a)

29. EA incorporates by reference the allegations in paragraphs 1 through 28 as if fully set forth herein.

30. A real and actual controversy exists between the parties regarding whether EA's identification and depiction of certain vehicles in its expressive work *Battlefield 3* infringe Defendants' purported trade dress. The controversy is of sufficient immediacy and reality to

warrant declaratory relief under 28 U.S.C. § 2201. Following Textron's recent conduct, EA is faced with the choice of either abandoning its rights to develop, publish and sell its expressive work or risking liability for damages.

31. The controversy between EA and Textron thus demands specific relief through a decree that EA may identify and depict the AH-1Z, UH-1Y and V-22 helicopters in *Battlefield 3* without legal liability. The nature and extent of the adverse legal interests between EA and Textron are apparent, and the controversy is definite and concrete.

32. The Bell-manufactured helicopters depicted in *Battlefield 3* are just a few of countless creative visual, audio, plot and programming elements that make up EA's expressive work, a first-person military combat simulation. *Battlefield 3* and ancillary materials do not explicitly mislead consumers as to the source or origin of EA's works. The work also is not likely to cause any confusion, mistake, or deception among consumers, including as to the source or origin of the work or as to any affiliation, connection, association, sponsorship, or approval with or by Textron.

33. EA's identification and depiction of the AH-1Z, UH-1Y and V-22 helicopters in *Battlefield 3* are protected by the First Amendment and the doctrine of nominative fair use, among other defenses.

34. EA seeks a declaration that *Battlefield 3* does not infringe Textron's purported trade dress so that there will be no controversy clouding EA's right to continue developing, publishing and selling the work.

**PRAYER FOR RELIEF**

WHEREFORE, EA respectfully requests this Court to enter judgment:

1. Declaring that EA's identification and depiction of the AH-1Z, UH-1Y and V-22 helicopters in the expressive work *Battlefield 3* do not infringe Textron's purported trademarks;

2. Declaring that EA's identification and depiction of the AH-1Z, UH-1Y and V-22 helicopters in the expressive work *Battlefield 3* do not infringe Textron's purported trade dress;

3. Enjoining Textron, its agents, attorneys, and assigns from asserting any trademark or trade dress claims against EA or any other person in connection with *Battlefield 3* or any

related product;

4. Declaring that this case is exceptional and awarding EA its reasonable attorneys' fees and costs; and

5. Awarding any other relief the Court deems just and proper.

**JURY DEMAND**

EA hereby demands a trial by jury as to all issues triable before a jury.

Dated: January 6, 2012

KEKER & VAN NEST LLP

By: _____
R. JAMES SLAUGHTER
R. ADAM LAURIDSEN
Attorneys for Plaintiff
ELECTRONIC ARTS INC.